IN THE UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF TEXAS,

## HOUSTON DIVISION

| | | |
|---|---|---|
| ZAIMICK MILHOUSE, individually and on behalf of GLOBAL COMMUNICATIONS ENTERTAINMENT GROUP, a division of ZTM ENTERPRISES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. Pending |
| | § | |
| "DR. SWINDLE HOODWINKED," an individual whose true name is unknown, and DOES 1-10, YOUTUBE as a Subsidiary of GOOGLE CORPORATION, Co-Defendant AKA MR. SWINDLE HOODWINK Defendants. | § | |
| | § | |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### TO THE HONORABLE COURT:

Plaintiff Zaimick Milhouse, appearing sui juris as a paralegal member of the American Bar Association (#05737194), respectfully moves this Court for entry of a Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, and in support thereof states:

### I. INTRODUCTION

This case involves a seven-year systematic cyberstalking and defamation campaign conducted by Defendant against Plaintiff, documented through multiple FBI complaints and resulting in numerous platform takedowns. Immediate injunctive relief is necessary to prevent irreparable harm to Plaintiff's professional reputation, business operations, and personal safety.

## II. PARTIES

**A. Plaintiff Zaimick Milhouse** is a legitimate paralegal and member of the American Bar Association (Member #05737194), operating Global Communications Entertainment Group, a division of ZTM Enterprises. Plaintiff maintains a Private Member Association providing legal services and operates from Texas.

**B. Defendant "Dr. Swindle Hoodwinked"** is an individual whose true name is unknown, believed to be located in California, operating multiple YouTube channels and social media accounts for the purpose of harassing and defaming Plaintiff.

## III. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28U.S.C. § 1367 (supplemental jurisdiction). Venue is proper under 28 U.S.C. § 1391 as Defendant's conduct has caused harm in this District.

## IV. MOTION TO SEAL PLAINTIFF'S RESIDENTIAL ADDRESS

Plaintiff respectfully moves the Court to seal his residential address from public filings and service documents due to documented safety concerns arising from Defendant's publication of personal information and threatening conduct. Alternative service methods are available and appropriate.

## V. FACTUAL BACKGROUND

### A. Seven-Year Harassment Campaign

Since 2018, Defendant has conducted a systematic campaign of cyberstalking, defamation, and harassment against Plaintiff, documented through four separate FBI Internet Crime Complaint Center (IC3) reports filed in 2018, 2019, 2021, and 2023.

### B. Platform Violations and Takedowns

Defendant's conduct has resulted in:

Multiple YouTube channel takedowns

Two Patreon account closures

Website removal by GoDaddy

Continued creation of new accounts to evade enforcement

### C. Current Defamatory Conduct

Defendant's recent YouTube community post states: "If you need legal advice call a professional not a fraudulent person like this!!!" specifically targeting Plaintiff by name and falsely characterizing him as "fraudulent" despite his legitimate ABA paralegal credentials.

## VI. LEGAL CLAIMS

### A. Federal Cyberstalking (18 U.S.C. § 2261A)

Interstate electronic communications designed to harass and intimidate

Pattern of conduct causing substantial emotional distress

Use of multiple aliases to evade enforcement

### B. Defamation Per Se (Texas Law)

False statements attacking Plaintiff's professional competence

Publication to third parties via social media platforms

Presumed damages to professional reputation

### C. Intentional Infliction of Emotional Distress

Extreme and outrageous conduct spanning seven years

Intent to cause severe emotional distress

Documented impact on Plaintiff's health and safety

## VII. IRREPARABLE HARM

Plaintiff faces immediate and irreparable harm including:

**Professional Reputation Damage:** False statements attacking Plaintiff's legitimacy as a paralegal cause immediate and ongoing harm to his professional standing that cannot be adequately compensated by monetary damages.

**Business Interference:** Defamatory content directly interferes with Plaintiff's ability to serve clients and maintain his Private Member Association.

**Safety Concerns:** Defendant's history of publishing personal information creates ongoing safety risks for Plaintiff and his family.

**Continuing Violations:** Defendant's use of platform features that "cannot be disputed" demonstrates intent to circumvent normal enforcement mechanisms. 2. 3. 4.

## VIII. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff has a strong likelihood of success on his claims:

**Clear Falsity:** Calling a legitimate ABA member "fraudulent" is demonstrably false

**Federal Documentation:** Four FBI complaints establish pattern of criminal conduct

**Platform Recognition:** Multiple takedowns demonstrate third-party validation of violations

**Professional Credentials:** ABA membership provides objective proof of legitimacy

2. 3. 4.

## IX. BALANCE OF HARDSHIPS

The balance of hardships strongly favors Plaintiff:

Plaintiff faces irreparable professional and personal harm

Defendant faces only restriction on unlawful conduct

Public interest favors protecting legitimate professionals from systematic harassment

Seven-year pattern demonstrates Defendant's disregard for legal consequences

## X. PUBLIC INTEREST

Granting injunctive relief serves the public interest by: 1. 1.

Protecting legitimate professionals from cyberstalking

Enforcing federal cyberstalking laws

Preventing abuse of social media platforms for harassment

Supporting law enforcement efforts documented through FBI complaints

## XI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court:

**Grant a Temporary Restraining Order** immediately enjoining Defendant from:
a. Publishing any defamatory statements about Plaintiff
b. Linking to or copying Plaintiff's copyrighted content
c. Referencing Plaintiff by name or business named.
d. Creating new accounts to circumvent this Order

**Schedule a hearing** for Preliminary Injunction within fourteen (14) days

**Order Defendant** to remove all current defamatory content within 24 hours

**Seal Plaintiff's residential address** from public court records

**Grant such other relief** as the Court deems just and proper

2. 3. 4. 5.

## XII. CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 65(b)(1), Plaintiff certifies that immediate and irreparable injury will result before Defendant can be heard in opposition, as demonstrated by Defendant's seven-year pattern of harassment and current defamatory content that continues to cause professional harm with each day it remains published.

**Respectfully submitted,**

*zaimick milhouse*

Verified by pdfFiller
08/23/2025

Zaimick Milhouse,

**Sui Juris**

**ABA Paralegal Member #05737194**

**Plaintiff**

**PHONE:** 346-XXX-XXXX / 346-746-XXXX

**EMAIL:** CEO@GLOBALCOMMUNICATIONSENT.COM

Date: _____ 2025